**6:16-cv-316**

FILED
MCLENNAN COUNTY
7/13/2016 1:12:21 PM
JON R. GIMBLE
DISTRICT CLERK
Maxine Barton

CAUSE NO. 2016-2602-3

| | | |
|---|---|---|
| JEFF HOOKHAM, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | MCLENNAN COUNTY, TEXAS |
| PENN-AMERICA INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 74TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Jeff Hookham ("Mr. Hookham"), Plaintiff herein, files this Original Petition against Defendant Penn-America Insurance Company ("Penn-America") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Jeff Hookham is a Texas resident who resides in McLennan County, Texas.

2.    Penn-America is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, through its president or any vice president, via certified mail at 3 Bala Plaza East, Suite 300, Bala Cynwyd, PA 19004.

### II.
### DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.

1



## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in McLennan County because all or a substantial part of the events or omissions giving rise to the claim occurred in McLennan County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in McLennan County.

## V.
## FACTUAL BACKGROUND

7.      Mr. Hookham is a named insured under a property insurance policy issued by Penn-America.

8.      On or about January 17, 2014 a storm hit the Waco, Texas area, damaging Mr. Hookham's commercial property known as Pecan Square, as well as other property.   Mr. Hookham subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

10.      The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.      This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

12.     Moreover, Penn-America performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Penn-America had a contract of insurance with Plaintiff.  Penn-America breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Penn-America to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

3

      (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

      (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

      (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

      (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated Section 541.061 by:

      (1)     making an untrue statement of material fact;

      (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

      (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      (4)     making a material misstatement of law; and

      (5)     failing to disclose a matter required by law to be disclosed.

21.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.    Defendant has violated the Texas DTPA in the following respects:

4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Penn-America failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Penn-America, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Penn-America took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

5

25. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(I).

29. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Jeff Hookham prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Hookham be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and

such other and further relief, general or special, at law or in equity, to which Mr. Hookham may show himself to be justly entitled.

**DALY & BLACK, P.C.**

By:___ /s/ Melissa Waden Wray_____
       Richard D. Daly
       TBA No. 00796429
       Melissa Waden Wray
       TBA No. 24008614
       James Winston Willis
       TBA No. 24088654
       2211 Norfolk St., Suite 800
       Houston, Texas 77098
       713.655.1405—Telephone
       713.655.1587—Fax
       mwray@dalyblack.com
       rdaly@dalyblack.com
       jwillis@dalyblack.com
       ecfs@dalyblack.com

       **ATTORNEYS FOR PLAINTIFF**
       **JEFF HOOKHAM**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through his attorneys of record: Richard D. Daly, John Black, Ana M. Ene and William X. King, Daly & Black, P.C, 2211 Norfolk St, Suite 800, Houston, Texas 77098.

Respectfully submitted,

DALY & BLACK, P.C.

By:___/s/ Melissa Wray_____
    Richard D. Daly
    TBA No. 00796429
    Melissa Waden Wray
    TBA No. 24008614
    James Winston Willis
    TBA No. 24088654
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax
    mwray@dalyblack.com
    rdaly@dalyblack.com
    jwillis@dalyblack.com
    ecfs@dalyblack.com

**ATTORNEYS FOR PLAINTIFF**
**JEFF HOOKHAM**

1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant would have received it when it was served with the citation.

/s/ Melissa Wray

Melissa Wray

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or
   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.  **"Defendant," "You," "Your(s),"** refers to Penn-America Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars,

logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

   1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
   2. **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
   3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
   4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
   5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

5

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.   The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT PENN-AMERICA

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

#### ANSWER:

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;

    b.    their employer; and

    c.    description of their involvement with Plaintiff's Claim.

#### ANSWER:

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

#### ANSWER:

### INTERROGATORY NO. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

#### ANSWER:

### INTERROGATORY NO. 5:
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

#### ANSWER:

### INTERROGATORY NO. 6:
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

#### ANSWER:

**INTERROGATORY NO. 7:**

If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**

Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**

State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**

If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**

Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT PENN-AMERICA

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7**

If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of your attorney's[s'] fee bills in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT PENN-AMERICA

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**




**JON R. GIMBLE**
DISTRICT CLERK
501 WASHINGTON AVENUE
STE. 300, COURTHOUSE ANNEX
WACO TX 76701-1373

7104 2230 1690 0325 6542



2016-2602-3

PENN-AMERICA INSURANCE CO
PRESIDENT OR VICE PRESIDENT
3 BALA PLAZA EAST, SUITE 300
BALA CYNWYD, PA 19004

7-19-16



# CITATION

PAPER# 1
SVDC

THE STATE OF TEXAS

Cause No: 2016-2602-3

TO:  PENN-AMERICA INSURANCE COMPANY, AN INSURANCE COMPANY , DEFENDANT - BY SERVING ITS PRESIDENT OR ANY VICE PRESIDENT, 3 BALA PLAZA EAST, SUITE 300, BALA CYNWYD, PENNSYLVANIA 19004

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**JEFF HOOKHAM**                                                                   Plaintiff

VS.

**PENN-AMERICA INSURANCE COMPANY,
AN INSURANCE COMPANY**                                       Defendant

Court: **74TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **JULY 13, 2016**
Discovery Requests: **REQUEST FOR DISCLOSURE, INTERROGATORIES, PRODUCTION, AND ADMISSIONS**
Cause No: **2016-2602-3**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you.*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **JULY 14, 2016.**

**MELISSA WADEN WRAY
2211 NORFOLK ST.
SUITE 800
HOUSTON, TEXAS 77098**
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701

By: _____, Deputy
TIFFANY CRIM



## RETURN OF SERVICE

Style: **JEFF HOOKHAM VS. PENN-AMERICA INSURANCE COMPANY, AN INSURANCE COMPANY**
Cause No.: **2016-2602-3**
Court: **74TH JUDICIAL DISTRICT**
Paper#: **1**
Instrument(s) Served: Pleading, **PLAINTIFF'S ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE, INTERROGATORIES, PRODUCTION, AND ADMISSIONS**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____ day

of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and

discovery attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy          _____

Total $_____          _____ County, Texas

                                By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of **Texas**, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

**FILED**
**McLENNAN COUNTY**
**8/8/2016 9:19:41 AM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Christine Turpin

## CAUSE NO. 2016-2602-3

| | | |
|---|---|---|
| JEFF HOOKHAM, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | MCLENNAN COUNTY,  T E X A S |
| | § | |
| PENN-AMERICA | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant* | § | 74TH JUDICIAL DISTRICT |

### DEFENDANT PENN-AMERICA INSURANCE COMPANY'S
### ORIGINAL ANSWER,  AFFIRMATIVE DEFENSES AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Penn-America Insurance Company ("PAIC" or "Defendant") file this original answer, affirmative defenses, and special exceptions, and would respectfully show as follows:

### I.  ORIGINAL ANSWER

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II.  FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim Against Defendants

2.      Plaintiff's causes of action are barred, either in whole or in part, because it failed to state a claim upon which relief can be granted.  Specifically, Plaintiff failed to describe how PAIC's alleged breach of contract converts Plaintiff's contractual claim into a cause of action against Defendant for alleged violations of the Insurance Code.  Plaintiff's petition instead merely recites provisions of the Insurance Code and generically alleges that Defendant violated same.  Absent any specific factual allegations of Insurance Code violations in Plaintiff's Petition, the petition does not support a claim upon which relief can be granted.

### III. SECOND AFFIRMATIVE DEFENSE
### Damage Limitation

3.     Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

### IV. THIRD AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"/*Bona Fide* Controversy

4.     As to Plaintiff's claims alleging common law and statutory bad faith against Defendant, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy.  Defendant possesses the right to investigate questionable claims without facing bad faith liability.  Defendant investigated Plaintiff's claim and found no covered loss occurring within the applicable Policy period.

5.     Plaintiff's claims for extra-contractual damages based on alleged underpayment or denial of Plaintiff's claim are barred by the *bona fide* dispute rule.

### V. FOURTH AFFIRMATIVE DEFENSE
### Punitive Damage Limitation

6.     With respect to Plaintiff's claim for damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practices & Remedies Code §41.002-41.009.

### VI. FIFTH AFFIRMATIVE DEFENSE
### Policy Terms

7.     Defendant pleads the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy as if such were fully set forth herein, *in extenso*.  Under

Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

8.      The Policy provides coverage for loss or damage to Plaintiff's property caused by covered perils occurring within the Policy period. To the extent Plaintiff's claimed damages are caused by unnamed perils, or were caused outside the applicable coverage period, Plaintiff's claims for same are barred.

## VII.  SIXTH AFFIRMATIVE DEFENSE
### Fortuity Doctrine

9.      To the extent that Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit, Defendant pleads that such damages are barred by the fortuity doctrine which bars known losses or losses in progress. Under the fortuity doctrine, coverage is precluded where the Plaintiff is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased. To the extent that Plaintiff seeks amounts from Defendant for damages from settlement, wear, tear and deterioration, pre-existing damages, or lack of maintenance which occurred prior to the inception of the policy, such damages are barred.

## VIII.  SEVENTH AFFIRMATIVE DEFENSE
### Limitations

10.     Pleading further and without waiver of the above, Defendant avers that Plaintiff's claims asserted against Defendant in this matter, for breach of the duty of good faith and fair dealing, for alleged violations of the Texas Insurance Code, and for alleged violations of the DTPA are barred by the applicable statutes of limitations. PAIC denied Plaintiff's claims at

issue on February 10, 2014.  Plaintiff filed this lawsuit on July 19, 2016.  Plaintiff's claims are statutorily barred.

### IX.  Frivolous Insurance Code Claims

11.     Section 541.153 of the Texas Insurance Code provides:

> A court shall award to the defendant court costs and reasonable and necessary attorney's fees if the court finds that an action under this subchapter is groundless and brought in bad faith or brought for the purpose of harassment.[1]

Defendant requests that this Court grant it its costs and attorneys' fees incurred in defending against Plaintiff's groundless suit against it.  Plaintiff was provided with written explanation of PAIC's denial of Plaintiff's claim on February 10, 2014.  PAIC further responded to a demand letter from prior counsel representing Plaintiff of June 9, 2014.   Plaintiff's lawsuit against Defendant for alleged unfair insurance practices and alleged DTPA violations is groundless and brought in bad faith.

12.     Defendant has incurred fees and expenses in answering the lawsuit and will seek same from Plaintiff pursuant to this Texas statute.

### X.  DEMAND FOR JURY TRIAL

13.     Defendant demands a jury trial in this case.

### XI.     SPECIAL EXCEPTIONS

14.     Defendant specially excepts to Plaintiff's Original Petition because it fails to identify facts which support Plaintiff's common law or statutory bad faith claims against Defendant.  Plaintiff has not identified any facts regarding any breach of the duty of good faith and fair dealing by Defendant or any damages caused by such breach which are separate and

---

[1]  Tex. Ins. Code § 541.153.

apart from the damages Plaintiff claims pursuant to his alleged contractual breach claim against PAIC.

15.     Further, Plaintiff's Original Petition fails to identify or provide adequate facts or explanation of the conduct which support Plaintiff's Insurance Code or DTPA claims against Defendant. Specifically, Plaintiff's Original Petition fails to identify any misrepresentation or false statements made by Defendant which support Plaintiff's claims against Defendant for knowing misconduct or misrepresentations.  Plaintiff's Petition fails to identify any factual assertions as to how Plaintiff relied on any such misrepresentations and how such misrepresentations were the producing cause of any damages to Plaintiff.

16.     Accordingly, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims for alleged breach of contract, bad faith, alleged violations of the Insurance Code and DTPA by Defendants, as well as the maximum alleged damages related thereto.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff be ordered to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims for alleged breach of contract, bad faith, alleged violations of the Insurance Code and DTPA, as well as the maximum alleged damages related thereto, that Plaintiff take nothing on its claims against Defendant, that Defendant recover its costs herein, and Defendant receive such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:     */s/ Christene Wood*
   **D. Christene Wood**
   State Bar No.:  24042188
   One Riverway, Suite 1400
   Houston, Texas  77056
   Telephone:  (713) 403-8210
   Facsimile:   (713) 403-8299

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

  This is to certify that on the 8th day of August 2016 a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

  Richard D. Daly
  Melissa Waden Wray
  James Winston Willis
  DALY & BLACK, P.C.
  2211 Norfolk St., Suite 800
  Houston, Texas 77098
  *E-Mail:* [mwray@dalyblack.com](mailto:mwray@dalyblack.com)
  **Counsel for Plaintiff**

      */s/Christene Wood*
      Christene Wood