**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JEFF HOOKHAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | **6:16-cv-00316-RP** |
| **PENN-AMERICA INSURANCE** | § | **JURY** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**PENN-AMERICA INSURANCE COMPANY'S MOTION FOR PARTIAL
SUMMARY JUDGMENT(STATUTE OF LIMITATIONS)**

Pursuant to Federal Rule of Civil Procedure 56, Defendant Penn-America Insurance Company ("PAIC") files this, its Motion for Partial Summary Judgment seeking dismissal of Plaintiff's claims against it for alleged violations of the Insurance Code Sections 542 and 541, the Deceptive Trade Practices Act, and common law bad faith which are statutorily barred.

## I.  SUMMARY OF THE ARGUMENT

1.     This case involves an insurance coverage dispute over property damages, reportedly occurring on January 14, 2014, for which Plaintiff made a claim under a commercial property policy issued by PAIC.  On or about January 22, 2014, Plaintiff reported storm damage to apartments owned by him.  PAIC inspected the subject property and ultimately denied the claim, via written notice to Plaintiff on February 10, 2014.  Plaintiff reportedly made repairs as estimated by PAIC's adjuster and, via counsel, made a demand for payment on June 9, 2014. PAIC responded to the demand on or about June 18, 2014, and heard nothing further until Plaintiff's current counsel served it with this lawsuit.

2.      Plaintiff asserts causes of action against PAIC for breach of contract, violations of the Texas Insurance Code and DTPA, and breach of the duty of good faith and fair dealing.  The extra-contractual claims asserted in this litigation are subject to a two-year limitations period which ran prior to Plaintiff filing this action.  Accordingly, Plaintiff's extra-contractual claims against PAIC are barred by the applicable statutes of limitation.

## II.  SUMMARY JUDGMENT EVIDENCE

3.      Exhibits attached to this Motion are incorporated herein as follows:

❖  Exhibit 1:  Affidavit of Eric Kehs, Claims Examiner for PAIC and attachments thereto.

## III.  FACTUAL SUMMARY

4.      PAIC issued a Commercial Property Policy—Number PAC7006692 to Jeff Hookham dba Pecan Square ("Plaintiff") effective April 21, 2013 to April 21, 2014 (the "Policy"), providing property coverage to a residential apartment building located at 2021 Austin Avenue, Waco, Texas (the "Property").  *See* Exhibit 1 at ¶ 2.

5.      On January 22, 2014, Plaintiff submitted a claim under the Policy for storm-related damages to the Property.  *Id.* at ¶ 3.  Based on an independent adjuster's report, PAIC denied Plaintiff's claim on February 10, 2014.  *Id.* at ¶ 5

6.      PAIC advised Jim Hering, an attorney with Pakis, Giotes, Page & Burleson, of the basis for PAIC's denial on June 13, 2014.  *Id.* at ¶ 6 .  Plaintiff filed this lawsuit on July 13, 2016.

## V.  SUMMARY JUDGMENT STANDARD

6.      Summary judgment should be granted when there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a).  The movant's burden is to point to the absence of evidence in the non-movant's case.  *Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718-19 (5th Cir.

1995).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  To defeat summary judgment, the non-movant must "identify specific evidence in the record and articulate the 'precise manner' in which the evidence support[s][its] claim[s]." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).  Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence will not defeat summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

7.      In considering a summary judgment motion, the Court must view the evidence "through the prism of substantive evidentiary burden."  *Anderson v. Liberty Lobby, Inc.;* 106 S.Ct. 2505, 2513 (1986).  All inferences from the facts are to be viewed in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the non-movant, then summary judgment should be granted.  *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993).

## VI.  ARGUMENTS & AUTHORITIES

**A.      There is a two year limitations period for Plaintiff's extra-contractual causes of action asserted against PAIC.**

8.      Plaintiffs' extra-contractual causes of action are subject to and barred by a two-year statute of limitations period. *See* TEX. BUS. & COMM. CODE ANN. § 17.565 (Vernon 2002) (establishing two-year statute of limitations for claims filed under the DTPA); TEX. INS. CODE ANN. § 541.162 (Vernon 2009) (establishing two year statute of limitations for claims under the Insurance Code); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2008) (establishing two year statute of limitations for claims of breach of good faith and fair dealing).

**B.      Plaintiff's causes of action accrued when PAIC denied Plaintiff's claim.**

9.      In Texas, "[l]imitations begin to run on an insurance policy when the loss is denied." *Pena v. State Farm Lloyds,* 980 S.W.2d 949, 953 (Tex.App.-Corpus Christi 1998, no writ); *see also, e.g., Stewart Title Guar. Co. v. Hadnot,* 101 S.W.3d 642, 645 (Tex.App.—Houston [1st Dist.] 2003, pet. denied) ("Generally, a cause of action for breach of an insurance contract accrues on the date coverage is denied."). This rule is consistent with the more general proposition that "an action for damages for breach of a written contract accrues when the breach occurs or when the claimant has notice of facts sufficient to place him on notice of the breach." *S. Plains Switching, Ltd. Co. v. BNSF Ry. Co.,* 255 S.W.3d 690, 707 (Tex.App.—Amarillo 2008, pet. denied); *see also Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 314 (Tex.2006); *Willoughby v. Metro. Lloyds Ins. Co. of Texas*, 548 F. App'x 121, 123 (5th Cir. 2013).

10.      The determination of when a cause of action accrues is typically a question of law for the Court. *Knott*, 128 S.W.3d at 221 (citation omitted); *see also Sheppard v. Travelers Lloyds of Texas Ins. Co.*, No. 14-08-00248-CV, 2009 WL 3294997, at *3 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, pet. denied). A cause of action accrues when facts come into existence that authorize a party to seek a judicial remedy.  *Knott*, 128 S.W.3d at 221 (citations omitted). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id*. (citation omitted).  The date the "wrongful act" occurs in a first party insurance claim is when the insurer denies the claim.  *Id*.; *Mangine*, 73 S.W.3d at 470 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990)); *Ehrig v. Germania Farm Mut. Ins. Ass'n*, 84 S.W.3d 320, 324 (Tex. App.—Corpus Christi 2002, pet. denied).  The fact that damage may continue to occur for an extended period after denial does not prevent limitations from starting to run.  *Id*.

11.     In *Sheppard,* the Houston Fourteenth Court of Appeals analyzed when a cause of action accrued in the context of a first party insurance claim.  *Sheppard*, 2009 WL 3294997, at *1.  Travelers argued that Sheppard's limitations period began to run in July 2001 when it closed its file after sending Sheppard the claim payment.  *Sheppard*, 2009 WL 3294997, at *3. Alternatively, Sheppard argued that the accrual began when Travelers reopened his claim to conduct the additional investigation.  *Id.*  On appeal, the Houston Fourteenth Court of Appeals agreed with Travelers.  *Id.* at *5, *7.

12.     In reaching this conclusion, the court relied on the fact that **the date Travelers closed its claim file established an "'objectively verifiable event that unambiguously demonstrated [the insurer's] intent not to pay [anything more on] the claim** . . . .'" *Sheppard*, 2009 WL 3294997, at *4 (emphasis added) (quoting *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App.—San Antonio 2001, pet. denied) (en banc)).  This date occurred on July 22, 2001, which paralleled the date the indemnity payment was issued to Sheppard.  *Id.* at *4-5.  The court found it immaterial that Travelers did not send written notification along with the indemnity payment explaining its findings.  *Id.* at *3. The reason being that the Court was only concerned with Traveler's intent without consideration as to whether that intent was ever communicated to Sheppard.

13.     Here, PAIC denied Plaintiff's claim by letter to Plaintiff of February 10, 2014, and by letter to Plaintiff's prior counsel, Jim Hering, on June 13, 2014. *See* Exhibit A at ¶¶ 5-6. Unquestionably, Plaintiff in the case at bar also failed to contact PAIC for over two years after receiving PAIC's denial letter for the claim at issue in this lawsuit.  Plaintiff's causes of action against PAIC for alleged DTPA and Insurance Code violations as well as alleged common law bad faith are statutorily barred as a matter of law.

### VII.  CONCLUSION AND PRAYER

14.     Defendant Penn-America Insurance Company respectfully requests that the Court grant its Motion for Partial Summary Judgment and dismiss Plaintiff's extra-contractual causes of action against it, and grant such other and further relief, both general and special, at law and in equity, to which PAIC may show itself to be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By:  */s/ D. Christene Wood*
　　　　D. Christene Wood
　　　　State Bar No. 24042188
　　　　One Riverway, Suite 1600
　　　　Houston, Texas 77056
　　　　Telephone: (713) 403-8210
　　　　Facsimile: (713) 403-8299
　　　　E-mail: cwood@thompsoncoe.com

**ATTORNEYS FOR PENN-AMERICA
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF notification system on this 6th day of October 2016.

Richard D. Daly
Melissa Waden Wray
James Winston Willis
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
*E-Mail:  mwray@dalyblack.com*
**Counsel for Plaintiff**

　　　　　　　　　*/s/ D. Christene Wood*
　　　　　　　　　D. Christene Wood