FILED

NOV 2 2 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                      DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JEFF HOOKHAM,<br>    Plaintiff,<br><br>v.<br><br>PENN-AMERICA INSURANCE<br>COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§  C.A. No. 6:16-cv-316-RP-JCM<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE**

TO:  THE HONORABLE ROBERT PITMAN,
   UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Defendant's Motion for Partial Summary Judgment (ECF No. 2). For the reasons stated below, the undersigned **RECOMMENDS** that Defendant's Motion for Partial Summary Judgment (ECF No. 2) be **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

For the purpose of this Report and Recommendation, the facts below are either undisputed or immaterial to this suit. *See* Pl.'s Resp. to Def.'s Mot. Summ. J. at 1. Plaintiff, Jeff Hookham ("Plaintiff"), purchased a commercial property insurance policy from Penn-America Insurance Company ("Defendant"). Def.'s Mot. Summ. J. ¶ 1. On or about January 22, 2014, Plaintiff made a claim under the policy for storm damage. *Id.* Defendant inspected the property and notified Plaintiff on February 10, 2014 that Defendant would deny the

1

claim. *Id.* Plaintiff reportedly made repairs to the property and made a demand for payment on June 9, 2014. *Id.*

## II. PROCEDURAL HISTORY

On July 13, 2016, Plaintiff filed his Petition against Defendant in the 74th Judicial District Court in McLennan County, Texas seeking monetary damages. In his Petition, Plaintiff alleges the following causes of action against Defendant: (1) breach of contract; (2) violation of Texas Insurance Code Chapter 542; (3) violation of Texas Insurance Code Chapter 54; and (4) violation of the Deceptive Trade Practices Act; and (5) common law bad faith. *See* Pl.'s Pet. On August 9, 2016, Defendant filed a Notice of Removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1. On October 6, 2016, Defendant filed a Motion for Partial Summary Judgment (ECF No. 2), and on October 27, 2016, Plaintiff filed his response to the Motion for Partial Summary Judgment (ECF No. 4).

## III. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a party may move for summary judgment by identifying a claim or defense on which summary judgment is sought. FED. R. CIV. P. 56(a). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*citing* FED. R. CIV. P. 56(a)). A fact is material if it could reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence is merely colorable or is not significantly probative, the court may grant summary judgment. *Id.* at 249-50. A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A dispute is not genuine if the trier of fact could not, after an

examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine issue of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). If the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita Elec.*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to particular parts or materials in the record, such as affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(c)(1)(A)-(B).

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

1. give an opportunity to properly support or address the fact;

2. consider the fact undisputed for purposes of the motion;

3. grant summary judgment if the motion and supporting materials including the facts considered undisputed show that the movant is entitled to it; or

4. issue any other appropriate order.

FED. R. CIV. P. 56(e).

In establishing a genuine dispute of material fact, the party opposing summary judgment cannot rest on allegations made in his pleadings without setting forth specific facts establishing a genuine dispute worthy of trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992). Further, "conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods. Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is an insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81(2007). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 251. Put another way, to survive summary judgment, the nonmoving party must present specific facts that would allow a reasonable factfinder to find in his favor. *Id.*

4

## IV. DISCUSSION

### A. Dismissal of Uncontested Claims

Defendant moves for partial summary judgment asserting that the following causes of action are statutorily barred: (1) common law bad faith; (2) violations of the Deceptive Trade Practices Act ("DTPA"); (3) violation of the Texas Insurance Code ("TIC") Chapter 541; and (4) violation of the TIC Chapter 542. Def.'s Mot. Summ. J. at ¶ 2. Plaintiff does not contest and voluntarily agrees to dismiss: (1) common law bad faith; (2) violations of the DTPA; and (3) violation of the TIC Chapter 541. Pl.'s Resp. to Def.'s Mot. Summ. J. at 1. Therefore, the Court will focus on the remaining claims in Defendant's motion.

### B. Texas Insurance Code Chapter 542

The sole dispute before the Court is whether the two-year or four-year statute of limitations applies to a TIC Chapter 542 cause of action. *See* Def.'s Mot. Summ. J. Defendant asserts Chapters 541 and 542 are governed by the same two-year statute of limitations set forth in Chapter 541.162. *See* Def.'s Mot. Summ. J. ¶¶ 2, 8, 13. Conversely, Plaintiff asserts the four-year statute of limitations in Texas Civil Practice and Remedies Code § 16.004 applies. Pl.'s Resp. to Def.'s Mot. Summ. J. at 3. For the reasons set forth below, the Court agrees with Plaintiff.

The Fifth Circuit has not addressed whether a two-year or four-year statute of limitations applies; thus, the Court looks to its sister courts for guidance.[1] However, our sister courts are in disagreement as to whether a two-year or four-year statute of limitations period

---

[1] Chapter 542 contains a state cause of action. *See Medistar Twelve Oak Partners. v. American Econ. Ins.*, No. H–09–3828, 2011 WL 3236192 (S.D. Tex. July 27, 2011). This Court is bound by Texas state court interpretations. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). However, Texas state courts have not addressed the issue.

applies to Chapter 542.[2] *Hendrix v. Hartford Life Ins. Co.*, No. 3:12-cv-2643-M, 2013 WL 979285, at *2 (N.D. Tex. Mar. 13, 2013).

### 1. Cases Advocating a Two-Year Statute of Limitations for Chapter 542

In 2006, the Northern District of Texas examined whether a two-year or four-year limitations applied to Article 21.55 in *Ericsson*. *Ericsson, Inc. v. St. Paul Fire & Marine Ins. Co.*, 423 F. Supp. 2d 587 (N.D. Tex. 2006). The court held a two-year statute of limitations applied to Article 21.55 claims. *Id.* at 591. In *Ericsson*, the court relied on two unpublished federal cases, *Wetsel* and *Ozor*. *Id.* at 590. The court in *Wetsel* reached the conclusion that the two-year statute of limitations in Article 21.21 applied to Article 21.55. However, the plaintiff did not contest the assertion that a two-year statute of limitations applied. *Wetsel v. State Farm Lloyds Ins. Co.*, No. Civ.A.3:02-CV-0510-D, 2002 WL 1592665, at *3 (N.D. Tex. July 18, 2002). In *Ozor*, the court applied the two-year statute of limitations to Article 21.55. *Ozor v. CNA Ins. Co.*, No. Civ.A.3:02-CV-1572AH, 2002 WL 31059790, at *2 (N.D. Tex. Sept. 13, 2002). As in *Wetsel*, the plaintiff in *Ozor* did not contest that a two-year statute of limitations applied. *Id. Ericsson* grounded its holding that a two-year statute of limitations applied to Article 21.55 based solely on the outcome of *Wetsel* and *Ozor* without examining legislative intent. The Court finds the Northern District's analysis unpersuasive.

### 2. Case Advocating a Four-Year Statute of Limitations for Chapter 542

The Southern District of Texas examined whether a two-year or four-year statute of limitations applied in *Rx.com*. *Rx.com, Inc. v. Hartford Fire Ins. Co.*, 426 F. Supp. 2d 546 (S.D. Tex. 2006). In *Rx.com*, the court examined the *Ericsson* analysis, but found the analysis

---

[2] Article 21.21 and Article 21.55 are the predecessors to Chapter 541 and 542, respectively. *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 459-60 (Tex. 2012); *In re American Nat. Cty. Mut. Ins.*, 384 S.W.3d 429, 438 (Tex. App. —Austin 2012, order).The legislature used much of the same language in the enactment of Chapters 541 and 542. *Great Am. Ins. v. Wills*, No. SA-10-CV-353-XR, 2012 WL 3962037, at *2 n.5 (W.D. Tex. Sept. 10, 2012).

unpersuasive because the plaintiffs did not contest the statute of limitations in *Wetsel* and *Ozor*. *Id.* at 563. The court used a statutory construction analysis and construed the statute's meaning from the plain meaning of the statute's words. *Id.* at 564. Ultimately, the court held a four-year statute of limitations applied to Chapter 542. *Id.*

The court first held it is a cardinal law in Texas to construe a statute by looking to the plain and common meaning of the statute's words. *Id.* The court cited to Article 21.21 section 16(d), which stated, "actions under this Article must be commenced within two years after the date on which the unfair method of competition or unfair or deceptive act or practice occurred. . . ." *Id.* The court found that the language "under this Article" confined the limitation solely to the action for "unfair method of competition or unfair or deceptive act or practice." *Id.* The court further held that the language did not extend beyond Article 21.21. *Id.* The court then turned to Article 21.55 noting that Article 21.55 contained no specific statute of limitations. *Id.* The court found that the legislative silence in Article 21.55 demonstrated the legislature did not intend to shorten the statute of limitations like it did in Article 21.21. *Id.* Therefore, the court held that the default four-year statute of limitations for contract claims applied to Article 21.55. *Id.*

### C. The Court's Statute of Limitations Analysis

The Court's own analysis leads to the same conclusion reached in *Rx.com*. The Court finds *Ericsson* unpersuasive and turns to statutory construction. The task of the Court is to declare and enforce the law by ascertaining legislative intent. *LaSalle Bank Nat. Ass'n v. Sleutel*, 289 F.3d 837, 839 (5th Cir. 2002). The present issue requires the interpretation of Chapter 542. Because the issue involves the interpretation of a Texas statute, the Court applies the statutory analysis a Texas court would apply. *Id.* Statutes are construed by reading

the statute as a whole and by looking at the plain and common meaning of the statute's words. *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 839, 901 (Tex. 2010); *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). In Chapter 541 of the TIC, the legislature states, "[a] person must bring an action *under this chapter* before the second anniversary. . . ." (emphasis added). Tex. Ins. Code Ann. § 541.162 (West 2009). The legislature's use of "under this chapter" expresses intent that the limitations provision only applies to Chapter 541. *See Rx.com, Inc.*, 426 F. Supp. 2d at 564. If this Court applied the two-year statute of limitations to Chapter 542, this Court would contradict the clear and unambiguous language of the Texas Legislature.

Furthermore, Chapter 542 does not contain a statute of limitations. *Id.* Therefore, the Court must apply the cannons of statutory construction to determine the statute of limitations for Chapter 542. *See Connecticut Nat. Bank. v. Germain*, 503 U.S. 249, 253-54 (1992). A statute must be construed in light of the entire act, its object, and its consequences. *Jones v. Fowler*, 969 S.W.2d 429, 432-33 (Tex. 1998); *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991). Chapter 542 creates a contract-based remedy for an insurer's failure to pay a claim promptly. *Rx.com, Inc.*, 426 F. Supp. 2d at 564. Courts presume the legislature enacts statutes with full knowledge of the existing law. *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1998); *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Here, the legislature enacted Chapter 542 with full knowledge of the default four-year statute of limitations for contract-based claims in Tex. Civ. Prac. & Rem. Code § 16.004. Chapter 542 lacks a clear expression of legislative intent needed to alter the default statute of limitations for the cause of action. Therefore, the legislators intended to apply the four-year statute of limitations to Chapter 542 of the Texas Insurance Code.

**D. Four-Year Statute of Limitations Applied to Facts of the Present Case**

Upon finding a four-year statute of limitations period applies to the Chapter 542 cause of action, the Court now turns to the facts of the present case. Defendant asserts in its motion that February 10, 2014 is the date of accrual for a Chapter 542 cause of action. Def.'s Mot. Summ. J. ¶ 13. Plaintiff does not contest that February 10, 2014 is the date of accrual. Therefore, the clock for the Chapter 542 cause of action began to run on February 10, 2014, and Plaintiff has four years from February 10, 2014 to file a timely complaint. Here, Plaintiff filed suit on July 13, 2016, which is well within the four-year period ending February 10, 2018. Def.'s Mot. Summ. J. ¶ 6. In conclusion, Plaintiff's cause of action is not statutorily time barred. Therefore, the undersigned recommends the Defendant's motion for partial summary judgment be denied.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** the Defendant's Motion for Partial Summary Judgment (ECF No. 2) be **GRANTED** as to the following causes of action: (1) common law bad faith; (2) violations of the DTPA; and (3) violation of the TIC Chapter 541. The undersigned also **RECOMMENDS** that Defendant's Motion for Partial Summary Judgment be **DENIED** as to Plaintiff's Chapter 542 cause of action. For clarification purposes, the claims remaining in this suit are the breach of contract and Chapter 542 causes of action.

## VI. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or

general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

SIGNED this 22nd day of November, 2016.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE